[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals the decision of the Commissioner of Motor Vehicles suspending his motor vehicle operator's license pursuant to the implied consent provision of General Statutes § 14-227 (b).
The Plaintiff was operating his motor vehicle on Interstate 95 in North Haven, Connecticut on October 18, 1996. A Connecticut State Trooper observed Plaintiff's operation on radar at a rate of 75 miles per hour in a 55 miles per hour zone. Plaintiff was pulled over by Trooper Collins. The Plaintiff had difficulty in producing his license, registration and insurance information in response to the trooper's request. Plaintiff exited his vehicle after being asked to do so by Trooper Collins. The trooper observed an odor of alcohol on the Plaintiff, who admitted consuming two drinks.
The Plaintiff agreed to perform field sobriety tests. The Plaintiff when performing the "one leg stand" test was unable to keep his leg raised for more than six seconds. While performing the "walk-turn" test Plaintiff lost his balance, raised his arms and stepped off line several times. The trooper believed these results were not up to standard. The trooper found probable cause to place Mr. O'Hare under arrest for operating under the influence. The time of arrest was 12:47 a.m. Plaintiff was advised of his rights at 1:01 a.m., and contacted his attorney. Plaintiff's attorney contacted him by telephone at 1:11 a.m.
Plaintiff subsequently declined to take a "breath test" after CT Page 7892 being given the implied consent advisory.
The Plaintiff was notified that his motor vehicle operator's license was being suspended for a period of six months. Plaintiff filed a timely request for a hearing and such administrative proceeding was held on November 12 and 19, 1996. In a November 27, 1996 decision the six month suspension was ordered. Plaintiff appealed from such decision on December 4, 1996. The answer and record were filed on March 10, 1997, the Plaintiff's brief on April 14, 1997 and Defendant's brief on May 12, 1997. The parties were heard at oral argument on July 11, 1997.
The Plaintiff appeal raises the following issues: 1) the admissibility of Trooper Collins incident report; 2) the admissibility of the roadside field sobriety tests and the sufficiency of the evidence supporting a finding of a refusal to take the blood alcohol content breath test.
The Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702 (1997) decision issued the day after Plaintiff's brief was filed; undercuts his argument on the admissibility of the incident report as an appendage to the A-44 report. Bialowas held that the supplementary material to an A-44 contained sufficient indicia of reliability to justify admission; and that the A-44 attestation covers supplemental materials. That is even more apparent in this case where the author of the A-44 and incident report are the same officer and the documents all contain the same case number.
Plaintiff's claim that the incident is inadmissible in that it is only a copy also fails. The implication of Bialowas is that the supplemental material is fully incorporated even if a copy. Also, two other Superior Court decisions specifically recognize incorporated narrative supplemental photocopies as a part of the original A-44. Scott v. Commissioner of Motor Vehicles,
CV95-0127256, Superior Court J.D. of Waterbury, Maloney, J. (1996).Irizarry v. Commissioner of Motor Vehicles, No. CV95-0705709, Superior Court J.D. Hartford-New Britain at Hartford, Maloney J. (1995).
The admissibility of the field sobriety tests are challenged on the basis of improper administration of the tests. This is clearly a factual issue and the officer's observations of an inability to stand on one leg, and the loss of balance are relevant evidence on the issue of probable cause. CT Page 7893
"In an administrative appeal of a motor vehicle operator's license suspension the Plaintiff bears the burden of proving that the commissioner's decision was clearly erroneous in view of the reliable probative and substantial evidence on the whole record.Bialowas v. Commissioner of Motor Vehicles, supra, at44 Conn. App. 708-709; Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1997), see Lawrence v. Kazlowski, 171 Conn. 705, 713-14, (1976) cert. denied 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's finding of basic facts and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords substantial basis of fact from which the fact in issue can be inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra, 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352 (1992). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991).
The record contains the A-44 report and a supplemental page both indicating Plaintiff's refusal to take a breath test which was offered. The plaintiff testified that he agreed to take the test but that the testing machine was not working. InSchallenkamp v. DelPonte, supra, at 40-41; it was expressly found that the police officer's sworn statement was sufficient for the hearing officer to rely on, even if there was contrary direct testimony. The hearing officer was free to believe the officer's statement over Plaintiff's testimony.
The appeal is dismissed.
Robert F. McWeeny, J. CT Page 7894